

**Littler Mendelson, P.C.**
815 Connecticut Avenue, NW
Suite 400
Washington, DC  20006

Alexander T. MacDonald
202.772.2505 direct
202.717.6987 main
AMacDonald@littler.com

Keith J. Rosenblatt
973.848.4743 direct
973.848.4700 main
krosenblatt@littler.com

October 28, 2025

**VIA ECF**

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

Re:   Motion for Preliminary Injunction
      *Curaleaf Holdings, Inc., et al. v. N.J .Cannabis Regulatory Commission, et al.*
      Civil Action No. 3:25-cv-16397-MAS-RLS

Dear Judge Shipp,

    We write on behalf of Plaintiffs Curaleaf Holdings, Inc. and Curaleaf NJ, II, Inc., (together, "Curaleaf") to respectfully request expedited consideration of Plaintiffs' Order to Show Cause and Motion for Preliminary Injunction ("Motion"), filed on October 24, 2025 [ECF No. 23], pursuant to Local Civil Rule 65.1(a).

    As set forth in the Motion, Plaintiffs face imminent and irreparable harm if relief is not granted before October 31, 2025. On that date, Defendants—the New Jersey Cannabis Regulatory Commission ("Commission") and its officials—have threatened to withhold Plaintiffs' license unless they comply with the Commission's labor peace agreement ("LPA") requirements. Plaintiffs contend that these requirements are preempted by the National Labor Relations Act and that enforcement would unlawfully interfere with federally protected labor rights. The withholding of Plaintiffs' license would prevent it from doing business at the licensed location.

    Local Civil Rule 65.1(a) provides that a party may apply for an order to show cause why a preliminary injunction should not issue upon the filing of a verified complaint or document complying with 28 U.S.C. § 1746, and that such relief may be granted on a "clear and specific showing" of good cause for proceeding by order to show cause rather than by notice of motion. Plaintiffs have submitted their Complaint [ECF No. 1], supported by a sworn declaration [ECF No. 1-2], and the supporting brief referenced above, all demonstrating the urgency of the relief sought and the necessity of expedited consideration.

The Honorable Michael A. Shipp, U.S.D.J.
October 28, 2025
Page 2

In light of the October 31 deadline and the serious and irreparable harm Curaleaf will suffer absent immediate judicial intervention, Plaintiffs respectfully request that the Court exercise its discretion under Local Civil Rule 65.1(a) to schedule an expedited hearing and consider the Motion on an accelerated basis. The relief sought is time-sensitive and narrowly tailored to prevent the loss of licensure and the disruption of Curaleaf's operations due to enforcement of a regulatory requirement that is preempted by federal law. Proceeding under the default briefing schedule would effectively deny Plaintiffs meaningful relief with respect to the October 31 license-renewal decision, as the harm would occur before the Court has an opportunity to rule. Expedited consideration is therefore not only warranted—it is essential to preserve the status quo and protect Plaintiffs' federally protected rights.

We appreciate the Court's attention to this matter and are available at the Court's convenience should any further information be required.

Sincerely,

LITTLER MENDELSON, P.C.

/s/ *Alexander T. MacDonald*

Alexander T. MacDonald (*pro hac vice* admission pending)
Co-Chair, Workplace Policy Institute

*s/ Keith J. Rosenblatt*

Counsel for Plaintiffs

4931-7642-0725 / 104177.1139