

**Littler Mendelson, P.C.**
815 Connecticut Avenue, NW
Suite 400
Washington, DC  20006


Alexander T. MacDonald
202.772.2505 direct
202.717.6987 main
AMacDonald@littler.com

January 8, 2026

**VIA ECF**
The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Re:   ***Curaleaf Holdings, Inc. v. New Jersey Cannabis Regulatory Commission***
       **Civil Action No. 3:25-cv-16397-MAS-RLS**
       **Notice of Supplemental Authority**

Dear Judge Shipp:

On behalf of Plaintiffs Curaleaf Holdings, Inc. and Curaleaf NJ, II, Inc., (together, "Curaleaf"), please accept this letter as Curaleaf's Notice of Supplemental Authority to advise the Court of new authority bearing on the subject of this case—the preemptive effect of the National Labor Relations Act ("NLRA") in cannabis-industry workplaces.[1]

Specifically, in *Hybrid NYC, LLC v. New York State Cannabis Control Board*, No. 25 Civ. 3067 (AKH) (S.D.N.Y. Dec. 23, 2025), the district court exercised jurisdiction over a challenge to New York's labor peace agreement ("LPA") requirement for cannabis licensees. New York's cannabis licensing scheme—like New Jersey's—requires licensees to enter into and maintain LPAs. The *Hybrid* court rejected the State's procedural arguments that the plaintiff lacked standing, that sovereign immunity barred the suit, and that the plaintiff was required to exhaust administrative remedies before the National Labor Relations Board ("NLRB"). In doing so, the court recognized that the LPA requirement implicates federal labor law and may be preempted under the NLRA.

The court's reasoning bears directly on the issues in this case. Here, Curaleaf has challenged New Jersey's LPA requirement as interfering with the NLRA-regulated organizing and bargaining process. That same argument played a central role in *Hybrid*, where the court explained that compelling a cannabis licensee to maintain an LPA during ongoing

---

[1] A party may advise the court of the relevant authority through a Notice of Supplemental Authority. *See Atkins v. Capri Training Ctr., Inc.*, No. 2:13-cv-06820 (SDW), 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014).

littler.com

The Honorable Michael A. Shipp, U.S.D.J.
January 8, 2026
Page 2

NLRB proceedings interferes with the federal process for determining union representation and risks undermining the NLRA's exclusive jurisdiction over organizing and bargaining rights. The court observed that the statutory mandate could force employers to waive rights guaranteed by the NLRA, including the right to insist on a secret-ballot election and the right to refrain from bargaining with a union absent certification or designation by employees. The court also noted that New York's LPA requirement imposes obligations and remedies beyond those authorized by federal law, creating a structural conflict with the NLRA's comprehensive regulatory scheme.

This reasoning also directly undercuts Defendants' argument that the NLRA does not regulate cannabis labor relations. As in *Hybrid*, the LPA mandate here intrudes upon areas Congress reserved for federal regulation, including union organizing, collective bargaining, and the use of economic weapons. It also imposes additional remedies—such as license suspension and monetary penalties—that the NLRA does not permit. *Hybrid* reinforces Curaleaf's position that New Jersey's LPA requirement is preempted under both the *Garmon* and *Machinists* doctrines because it distorts the balance of power Congress established and interferes with the free play of economic forces.

We appreciate the Court's attention to this matter and are available at the Court's convenience should any further information be required.

Respectfully submitted,

/s/ *Alexander T. MacDonald*

Alexander T. MacDonald
Co-Chair, Workplace Policy Institute
Admitted *Pro Hac Vice*

s/ *Keith J. Rosenblatt*
Keith J. Rosenblatt

Enc.
cc:   Stephen Ehrlich, Esq.
      Bassam F. Gergi, Esq.
      Rachel E. Thompson, Esq.
      All via ECF.

Hybrid NYC., LLC v. N.Y. State Cannabis Control Bd., No. 25 Civ. 3067 (AKH), 2025 BL 461100, 2025 Us Dist Lexis 265392 (S.D.N.Y. Dec. 23, 2025), Court Opinion

**Pagination**

\*   BL

Majority Opinion >

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

HYBRID NYC, LLC, Plaintiff, -against- NEW YORK STATE CANNABIS CONTROL BOARD, NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT, TREMAINE WRIGHT, in her official capacity as the Chairwoman of the New York State Cannabis Control Board, and FELICIA A.B. REID, in her official capacity as Executive Director of the New York State Office of Cannabis Management, Defendants.

25 Civ. 3067 (AKH)

December 23, 2025, Filed

December 23, 2025, Decided

For Hybrid NYC LLC, Plaintiff: Matthew Schweber, David T Feuerstein, Feuerstein Kulick LLP, New York, NY.

For New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright, in her official capacity as the Chairwoman of the New York State Cannabis Control Board, Felicia A.B. Reid, in her official capacity as Executive Director of the New York State Office of Cannabis Management, Defendants: Arastu K Chaudhury, LEAD ATTORNEY, Office of the New York State Attorney General, New York, NY; Yuval Rubinstein, NYS Office of The Attorney General, Litigation Bureau, New York, NY.

ALVIN K. HELLERSTEIN, United States District Judge.

ALVIN K. HELLERSTEIN

***ORDER AND OPINION DENYING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT***

ALVIN K. HELLERSTEIN, U.S.D.J.:



© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

⊞ Hybrid NYC., LLC v. N.Y. State Cannabis Control Bd., No. 25 Civ. 3067 (AKH), 2025 BL 461100, 2025 Us Dist Lexis 265392 (S.D.N.Y. Dec. 23, 2025), Court Opinion

Plaintiff Hybrid NYC LLC ("Hybrid") is a licensed cannabis seller in New York. Hybrid seeks a declaratory judgment that the New York Marihuana Regulation and Taxation Act ("MRTA") requirement that a licensed cannabis retailer enter and maintain a labor peace agreement ("LPA") is unconstitutional, preempted by the National Labor Relations Act ("NLRA"), and thereby unenforceable.

Defendants New York State Cannabis Control Board, New York State Office of Cannabis Management, and, in their official capacities, Tremaine Wright and Felicia A.B. Reid (collectively "Defendants") move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(I) for lack of subject matter jurisdiction, arguing that: (1) Hybrid lacks standing; (2) Hybrid's claims are barred by sovereign immunity; and (3) Hybrid failed to exhaust its administrative remedies.

Hybrid is a party to union recognition proceedings in the NLRB. The proceedings are likely to affect the status of both Plaintiff and Defendants under the New York statute and, possibly, be cause for preemption. Pending progress in the NLRB proceedings, Hybrid should not be required to re-affirm any labor peace agreement as a condition of maintaining its license to sell cannabis, since such a requirement would interfere with the union recognition proceedings in the NLRB.

However, the only motion at hand is Defendants' motion to dismiss Plaintiff's amended complaint. That motion is denied, for the reasons discussed in this opinion. Once Defendants answer, the parties may consider moving for a stay pending determination of the NLRB proceedings or other appropriate relief.

**The New York Statute**

The MRTA and implementing regulations provide the conditions for licensing retailers to sell adult-use cannabis in New York State. Among such conditions is a requirement that the retailer enter **[*2]** and maintain an LPA with a "a bona-fide labor organization that is actively engaged in representing or attempting to represent the applicant's employees." MRTA § 64(1)(i). The licenses are for two-year periods and are renewable by application submitted 90 days prior to expiration. MRTA § 66. The statute provides that New York State has a "proprietary interest" in the requirement of an LPA, and defines the LPA as follows:

> "Labor peace agreement" means an agreement between an entity and a labor organization that, at a minimum, protects the state's proprietary interests by prohibiting labor organizations and members from engaging in picketing, work stoppages, boycotts, and any other economic interference with the entity.

MRTA § 3(29).

**The Amended Complaint**

Hybrid is a licensed cannabis dealer that operates a dispensary in New York City under the name Gotham. The Cannabis Control Board ("CCB"), an agency established by the MRTA, granted Hybrid an adult-use cannabis license on September 20, 2024. MRTA ¶ 10; Am. Compl. ¶ 11. In order to obtain the license, Hybrid executed an LPA with Local 338 RWDSUIUFCW ("Local 338") on March 4, 2024, a labor union meeting MRTA requirements. Am. Compl. ¶ 4. The agreement was for one-year terms, renewing automatically unless either party cancels. ECF No. 16-1 at 2. Hybrid alleges that the LPA prohibits Hybrid from "deprecating unionization



Case 3:25-cv-16397-MAS-RLS     Document 44     Filed 01/08/26     Page 5 of 8 PageID: 391

Hybrid NYC., LLC v. N.Y. State Cannabis Control Bd., No. 25 Civ. 3067 (AKH), 2025 BL 461100, 2025 Us Dist Lexis 265392 (S.D.N.Y. Dec. 23, 2025), Court Opinion

and thereby from exercising its statutory rights pursuant to Section 8(c) of the NLRA," and requires it to "furnish Local 338 with its staff members' names, job classifications, departments, e-mail addresses, telephone numbers, and street addresses during the organizing process" and grant access to the store premises. Am. Compl. ¶¶ 53, 59-61. Hybrid argues that these concessions violate its rights under the NRLA.

Hybrid does not employ any workers. Rather, employees of Gotham NYC Management LLC ("Gotham") staff its retail establishment pursuant to an Administrative Services Agreement. Am. Compl, ¶ 11 n.1. And, as alleged earlier, Hybrid does business under the name "Gotham."

On April 1, 2025, Local 338 notified Hybrid that its employees had chosen the union to represent them for collective bargaining. Am. Compl. ¶ 66. In the letter, Local 338 claimed that Hybrid was obligated to recognize the union under the LPA. Hybrid alleges that it disputes Local 338's claim because, in part, the LPA requirement is unconstitutional and therefore Hybrid's LPA is unenforceable. Am. Compl. ¶ 67-68.

**The NLRB Proceedings**

Local 338 has initiated four proceedings before the NLRB against Hybrid and Gotham as joint employers pursuant to NLRA §§ 8(a)(1), (a)(3) and 9, seeking representation-certification and alleging unfair labor practices. *See* Rubinstein Decl. Ex. 1-4. Section 9 of the NLRA outlines the procedures for selection of union representatives by a group of employees. *29 U.S.C*, § 15. Section 8(a)(1) makes it unlawful for "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed" by the NLRA. 29 U.S.C. § 158(a)(1). Section 8(a)(3) prohibits "discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage **[*3]** or discourage membership in any labor organization." 29 U.S.C, § 158 (a)(3).

Hybrid contends that the MRTA's LPA requirement is unconstitutional and preempted by the NLRA under the *Machinist* and *Gannon* preemption doctrines. *San Diego Building Trade Council v. Gannon*, 359 U.S. 236, 245, 79 S. Ct. 773, 3 L. Ed. 2d 775 (1959); *Lodge 76, International Association of Machinists & Aerospace Workers v. Wisconsin Employment Relations Commission*, 427 U.S. 132, 149, 96 S. Ct. 2548, 49 L. Ed. 2d 396 (1976). *Gannon* found that the NLRA broadly "preempts state law even when the two only *arguably* conflict," *Glacier Nw., Inc. v. Int'l Bhd of Teamsters Loc. Union No. 174*, 598 U.S. 771, 776, 143 S. Ct. 1404, 216 L. Ed. 2d 28 (2023). Under *Machinist*, the NLRA preempts state and local government regulations from regulating labor-related activity where Congress intended to leave the area to be "controlled by the free play of economic forces." *Machinist*, 427 U.S. at 140.

**DEFENDANTS' MOTION TO DISMISS**

Defendants move to dismiss the complaint for lack of subject matter jurisdiction arguing that (1) Hybrid lacks standing; (2) Hybrid's claims are barred by sovereign immunity; and (3) Hybrid failed to exhaust its administrative remedies. I consider each argument in turn and deny the motion.

**I. Hybrid has standing.**

Defendants contend that Hybrid cannot have standing because it alleges that it does not have its own employees, and therefore cannot allege that it is injured because of the statutory requirement that it enter an



Case 3:25-cv-16397-MAS-RLS   Document 44   Filed 01/08/26   Page 6 of 8 PageID: 392

⊞ Hybrid NYC., LLC v. N.Y. State Cannabis Control Bd., No. 25 Civ. 3067 (AKH), 2025 BL 461100, 2025 Us Dist Lexis 265392 (S.D.N.Y. Dec. 23, 2025), Court Opinion

LPA. However, Local 338 alleges that Hybrid and Gotham are joint employers, and the NLRB may so hold. If Hybrid does not renew its LPA with Local 338, it is in danger of losing its license to sell cannabis. That is sufficient to have standing.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To establish standing, the plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). In considering a motion to dismiss for lack of standing, the Court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).

The "irreducible constitutional minimum" of standing contains three elements: (1) injury in fact; (2) causation; and (3) redressability. La jan *v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). First, an injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized" and "(b) actual or imminent, not conjectural or hypothetical." *Id.* (citations omitted). Second, causation requires that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (cleaned up). Third, redressability means that "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (quotation marks omitted).

Hybrid has standing. If it does not sign and maintain an LPA, it will lose its business. If it signs an LPA, it will be recognizing Local 338, contradictory to its pleading **[*4]** in the NLRB proceedings that it is not a joint employer and that it has no legal obligation to recognize the union, and contradictory to its allegation of unconstitutionality in this lawsuit. The likelihood of injury is redressable by this lawsuit.

**II. Eleventh Amendment immunity does not bar this suit.**

Defendants contend that its sovereign immunity, recognized by the Eleventh Amendment to the U.S. Constitution, bars Hybrid's suit. "[A] federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 254-55, 140 S. Ct. 994, 206 L. Ed. 2d 291 (2020). However, under *Ex Parte Young* , sovereign immunity does not bar suits against "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act." *Ex Parte Young*, 209 U.S. 123, 155-56, 28 S. Ct. 441, 52 L. Ed. 714 (1908). The *Ex Parte Young* doctrine applies against "suits for prospective relief against an individual acting in his official capacity" and where "the complaint (1) alleges an ongoing violation of federal law; and (2) seeks relief properly characterized as prospective." T W *v. N.Y State Bd. of Lain Exam'rs*, 110 F.4th 71, 91 (2d Cir. 2024).

Hybrid's complaint names Tremaine Wright and Felicia A.B. Reid as defendants, in their official capacities as Chair of the Cannabis Control Board and as Executive Director of the N.Y.S. Office of Cannabis Management. Defendants argue that Hybrid fails to allege that Wright or Reid were planning to enforce the statute against Hybrid, and therefore there is no allegation to support prospective relief. The argument has no merit. The law is on the books to be enforced, and Defendants have the responsibility to enforce it. Hybrid has alleged an



Case 3:25-cv-16397-MAS-RLS    Document 44    Filed 01/08/26    Page 7 of 8 PageID: 393

Hybrid NYC., LLC v. N.Y. State Cannabis Control Bd., No. 25 Civ. 3067 (AKH), 2025 BL 461100, 2025 Us Dist Lexis 265392 (S.D.N.Y. Dec. 23, 2025), Court Opinion

ongoing violation of federal law through the allegation that the LPA requirement is unconstitutional and seeks prospective relief against its enforcement. *See Safe Haven Home Care, Inc. v. U.S. Dep't of Health and Hum. Servs.*, 681 F. Supp. 3d 195, 209 (S.D.N.Y. 2023) ("courts in this District have allowed complaints seeking injunctive relief under *Ex parte Young* to proceed when plaintiff 'anticipat[es] the threat of future enforcement' and therefore 'aims to prevent injury that will occur in the future.") The Eleventh Amendment is not a bar to this lawsuit for declaratory and injunctive relief.

### III. Plaintiff has no NLRB Remedies to exhaust

Defendants argue that this Court lacks jurisdiction because Hybrid failed to exhaust its administrative remedies in the ongoing NLRB proceedings. However, the NLRB proceedings will adjudicate issues of union recognition, and not the constitutionality of the New York statute, Only this court can protect Plaintiff's ability to stay in business without complying with what it claims would be an unconstitutional application of the New York statute.

### CONCLUSION

Defendants' motion to dismiss Plaintiff's Amended Complaint is denied. However, the NLRB proceedings are likely to affect this case, and a fuller knowledge of those proceedings is necessary. Accordingly, **[*5]** and within one week, Plaintiff shall file a complete summary of the pleadings before the NLRB and of the status of those proceedings as a supplement to its Amended Complaint. Any motion by Plaintiff or Defendants shall be due 30 days after such supplementation or, failing a motion, the filing of an Answer by Defendants.

The Clerk of Court shall terminate ECF No. 19.

SO ORDERED.Dated: December 23, 2025

New York, New York

/s/ Alvin K. Hellerstein

ALVIN K. HELLERSTEIN

United States District Judge

# General Information

| | |
|---|---|
| **Case Name** | Hybrid NYC., LLC v. N.Y. State Cannabis Control Bd. |
| **Court** | U.S. District Court for the Southern District of New York |
| **Date Filed** | Tue Dec 23 00:00:00 EST 2025 |
| **Judge(s)** | ALVIN K. HELLERSTEIN |
| **Parties** | HYBRID NYC, LLC, Plaintiff, -against- NEW YORK STATE CANNABIS CONTROL BOARD, NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT, TREMAINE WRIGHT, in her official capacity as the Chairwoman of the New York State Cannabis Control Board, and FELICIA A.B. REID, in her official capacity as Executive Director of the New York State Office of Cannabis Management, Defendants. |
| **Topic(s)** | Administrative Law; Labor Law; Civil Procedure |