

| | *State of New Jersey* | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO BOX 080<br>TRENTON, NJ  08625-0080 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | | JEREMY M. FEIGENBAUM<br>*Solicitor General* |

January 8, 2026

**VIA ECF**
Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Court Room 5W
Trenton, New Jersey 08608

> Re:   *Curaleaf Holdings, Inc. v. N.J. Cannabis Regulatory Commission, et al.*, Civ. No. 25-16397 (MAS) (RLS)

Dear Judge Shipp:

    Defendants respectfully submit this letter in response to Plaintiffs' notice of supplemental authority filed earlier today. In its notice, Curaleaf bizarrely asserts that *Hybrid NYC, LLC v. New York State Cannabis Control Bd.*, No. 25-3067, 2025 WL 3719619 (S.D.N.Y. Dec. 23, 2025), somehow "bears directly on the issues in this case." It does not.

    In *Hybrid NYC*, the defendants moved to dismiss a cannabis retailer's challenge to New York's labor-peace requirement on three threshold grounds: lack of Article III standing (because the retailer did not allege that it had its own employees), Eleventh Amendment sovereign immunity, and failure to exhaust remedies before the NLRB. *Id.* at *1. In a four-page opinion, the district court denied the motion, finding that the retailer had sufficiently alleged standing as a "joint employer," that *Ex Parte Young* permitted the suit against state officials



January 8, 2026<br>
Page **2** of **2**

charged with enforcing the New York statute, and that exhaustion of remedies before the NLRB was unnecessary because it would "adjudicate issues of union recognition, and not the constitutionality of the New York statute." *Id.* at *2-3.

None of those issues are presented here. Defendants have not argued that Curaleaf lacks Article III standing, that sovereign immunity bars this action,[1] or that Curaleaf must exhaust administrative remedies before the NLRB. Instead, Defendants moved to dismiss on different and well-supported grounds: the unclean-hands doctrine, *Younger* and *Burford* abstention, as well as on the merits because the NLRA does not apply to an industry that remains criminalized under federal law. And even if the NLRA did apply, neither *Garmon* nor *Machinists* preemption override New Jersey's labor-peace requirement. *See* ECF No. 39-1 at 21-45; ECF No. 43 at 11-34. So it is difficult to see how *Hybrid NYC*, in Curaleaf's words, "directly undercuts" Defendants' arguments when that case addressed none of the issues Defendants raised here.

Put simply, *Hybrid NYC* is irrelevant to the issues currently before the Court, and the Court should dismiss Curaleaf's case for the reasons explained by Defendants.

                                            Respectfully submitted,

                                            MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   */s/ Bassam F. Gergi*
      Bassam F. Gergi
      Deputy Attorney General

cc:  Counsel of Record (via ECF)

---

[1] Defendants' motion flags that the *Ex Parte Young* exception does not apply to Defendant New Jersey Cannabis Regulatory Commission, so it should be dismissed. *See* ECF No. 39-1 at 21 n.4; ECF No. 43 at 11 n.1. Curaleaf did not respond to that argument and thus conceded it. *See generally* ECF No. 42.