

**Littler Mendelson, P.C.**
815 Connecticut Avenue, NW
Suite 400
Washington, DC  20006


Alexander T. MacDonald
202.772.2505 direct
202.717.6987 main
AMacDonald@littler.com

February 6, 2026

<u>**VIA ECF**</u>

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Re:  *Curaleaf Holdings, Inc. v. New Jersey Cannabis Regulatory Commission*
Civil Action No. 3:25-cv-16397-MAS-RLS
Response to Defendants' Notice of Supplemental Authority

Dear Judge Shipp:

This letter responds to Defendants' notice of supplemental authority discussing *Peridot Tree WA, Inc. v. Washington State Liquor & Cannabis Control Bd.*, 162 F.4th 1179 (9th Cir. 2026). Defendants argue that *Peridot Tree* supports their position that the cannabis industry is exempt from all federal law. *See* ECF No. 46, at 1–2. But their argument is superficial, incorrect, and dangerous. It conflates product and labor markets, ignores precedent, and threatens to carve out a law-free zone of labor relations. It should be rejected.

*Peridot Tree* involved a challenge to California and Washington State licensing requirements for cannabis dispensaries. The court rejected the challenge because it concluded that the dormant Commerce Clause did not apply to the cannabis product industry. *See* 162 F.4th at 1190. That conclusion was far from clear, as the Ninth Circuit acknowledged: the only other two circuit courts to address it had come out the other way. *See id.* at 1187 (discussing *Variscite NY Four, LLC v. New York State Cannabis Control Bd.*, 152 F.4th 47 (2d Cir. 2025) and *Northeast Patients Grp. v. United Cannabis Patients & Caregivers of Maine*, 45 F.4th 542, 547–48 (1st Cir. 2022)).

But even if the court's conclusion were correct, it would have no bearing on this case. This case is not about the cannabis product market or its status in interstate commerce. This case is about the labor market and federal supremacy in private-sector labor relations. Labor markets and product markets are different: they raise different policy considerations

The Honorable Michael A. Shipp, U.S.D.J.
February 6, 2026
Page 2

and so are regulated under different laws. And for labor markets, Congress long ago concluded that labor relations—even in intrastate workplaces—can affect interstate commerce. In the National Labor Relations Act, Congress recognized that even local labor disputes can cause interstate labor disruptions. *See* S. Rep. No. 573, 69, 88 (1935) (citing disruption to interstate commerce caused by strikes even in intrastate industries, like manufacturing); *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 29 (1937) (rejecting argument that the NLRA did not reach "local" labor relations). It therefore funneled even local disputes into a peaceful, orderly system of collective bargaining. 29 U.S.C. § 151 (declaring it federal policy to promote collective bargaining to enable free flow of commerce). That system is exclusive in the field of labor relations regardless of the product an employer may sell. Where the NLRA applies, it displaces all state bargaining regimes. *See, e.g.*, *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245-46 (1959); *Metropolitan Milwaukee Ass'n of Commerce v. Milwaukee County*, 431 F.3d 277, 278-80 (7th Cir. 2005).

And the NLRA applies to cannabis workplaces. The NLRA is administered by the National Labor Relations Board. *See* 29 U.S.C. § 153(a), 160(a). And more than a decade ago, the Board concluded that it had jurisdiction over cannabis workplaces. NLRB GC Advice Mem., Northeast Patients Group d/b/a Wellness Connection of Maine, Cases 01-CA-104979; 01-CA-106405 (Oct. 25, 2013). The courts have agreed, consistently upholding the Board's assertions of jurisdiction. *See, e.g.*, *Healing Healthcare 3, Inc. v. NLRB*, No. 24-1057, 2024 WL 4948970, at *1 (D.C. Cir. Dec. 3, 2024). Rather than addressing that precedent, Defendants point to decisions raising different legal questions.

Defendants also ignore the consequences of their position. By their logic, no federal employment law would ever apply to cannabis workplaces. Cannabis-industry employees would have no rights under the Fair Labor Standards Act, the Family Medical Leave Act, the Affordable Care Act, the Occupational Safety and Health Act, the Employee Retirement Income Security Act, or Title VII of the Civil Rights Act. They would exist in a legal vacuum: subject only to the vagaries of state-specific laws and remedies. If they worked in a hardware store, restaurant, or car dealership, they would have a full suite of federal rights. But if they walked across the street and took a job at a cannabis dispensary, they would have none. *See* ECF No. 46, at 2 (arguing that applying longstanding federal labor law would "leapfrog the political process").

The Honorable Michael A. Shipp, U.S.D.J.
February 6, 2026
Page 3

      Courts have rejected that conclusion. *See* ECF No. 42, at 9–10 (collecting cases). This Court should as well.

                                             Respectfully submitted,

                                             LITTLER MENDELSON, P.C.

                                             /s/ *Alexander T. MacDonald*

                                           Alexander T. MacDonald
                                           Co-Chair, Workplace Policy Institute
                                           Admitted *Pro Hac Vice*

                                           *s/ Keith J. Rosenblatt*
                                           Keith J. Rosenblatt

cc:     Stephen Ehrlich, Esq.
           Bassam F. Gergi, Esq.
           Rachel E. Thompson, Esq.
           All via ECF.