Stephen Ehrlich
*Deputy Solicitor General*
Bassam F. Gergi
Rachel E. Kornberg (Formerly Thompson)
*Deputy Attorneys General*
JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURALEAF HOLDINGS, INC., a British Columbia corporation, and CURALEAF NJ, II, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY CANNABIS REGULATORY COMMISSION, CHAIR DIANA HOUENOU, COMMISSIONERS KRISTA NASH and AMELIA MAPP, and ACTING EXECUTIVE DIRECTOR CHRISTOPHER RIGGS, in their official capacities,<br><br>Defendants. | No. 25-cv-16397 (MAS) (RLS)<br><br>*Electronically Filed*<br><br>**Defendants' Answer To Complaint And <u>Affirmative Defenses</u>** |

Defendants the New Jersey Cannabis Regulatory Commission (the "Commission"), Dianna Houenou ("Houenou"), Krista Nash ("Nash"), Amelia Mapp ("Mapp"), and Christopher Riggs ("Riggs") (collectively "Defendants"), through their counsel, Jennifer Davenport, Attorney General of the State of New Jersey, and Deputy Solicitor General Stephen Ehrlich and Deputy Attorneys General Bassam F. Gergi and Rachel E. Kornberg, hereby answer Plaintiffs Curaleaf Holdings, Inc., and Curaleaf NJ, II, Inc.'s  (collectively "Plaintiffs" or "Curaleaf") Complaint, dated October 9, 2025, as follows:

## NATURE OF THE CASE

1.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants admit that New Jersey law regulates the cannabis industry, including imposing licensing requirements. New Jersey law and N.J. Stat. Ann. § 24:6I-36 speak for themselves, and Defendants deny any characterization of those laws and deny any inconsistent allegations and claims in this paragraph of the Complaint.

2.    Admitted in part, with clarification; denied in part. It is admitted that in 2022, Curaleaf signed a Labor Peace Agreement ("LPA")

with Local 360 of the United Food and Commercial Workers Union. It is further admitted the LPA has now expired. It is admitted that the Commission has imposed a penalty in the amount of $610,000 against Curaleaf due to its failure to maintain an LPA. It is admitted that Defendants issued a Notice of Violation followed by a Notice of Enforcement Action to Curaleaf due to its failure to maintain an LPA, which is an ongoing material condition for a licensed cannabis business in New Jersey. It is admitted that this Notice of Enforcement imposed a monetary penalty of $5,000 per day Curaleaf did not have an LPA for a total of 122 days, culminating in a total fine of $610,000. It is admitted the Curaleaf then initiated a contested case with New Jersey's Office of Administrative Law before the present case was initiated. The remainder of this paragraph is denied.

3.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint, including because the LPA requirement is not preempted by the National Labor Relations Act ("NLRA") and can be enforced against Curaleaf.

4.     This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the NLRA and cases cited speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

5.     This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the NLRA and cases cited speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

6.     Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint, including because the LPA requirement is not preempted by the NLRA.

7.     Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

8.     Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

9.     Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

10.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

11.    Admitted in part, denied in part. It is admitted that Curaleaf has filed a Complaint in the United States District Court for the District of New Jersey seeking declaratory and injunctive relief. The remainder of this paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the

Complaint, including because the LPA requirement is not preempted by the NLRA.

## JURISDICTION AND VENUE

12.   This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants admit that Curaleaf has asserted in its Complaint that the LPA requirement should be preempted by the NLRA and deny the allegations and claims in this paragraph of the Complaint, including because the LPA requirement is not preempted by the NLRA.

13.   This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint, including because the unclean-hands doctrine bars the Court from granting relief that would facilitate violations of federal law and the LPA requirement is not preempted by the NLRA.

14.   This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint, including because the unclean-hands doctrine bars the

Court from granting relief that would facilitate violations of federal law and the LPA requirement is not preempted by the NLRA.

15. Admitted in part, with clarification; denied in part. It is admitted that the Commission has imposed a penalty against Curaleaf in the amount of $610,000 due to its failure to maintain an LPA. It is admitted that the Commission's Board conditionally approved the renewal of Curaleaf's Bordentown license, with the condition that by no later than October 30, 2025, Curaleaf provide the Commission with a valid, executed LPA with a bona fide labor organization. No response is required to Plaintiffs' allegation that a justiciable controversy exists between the parties as this statement contains a legal conclusion. The remainder of this paragraph is denied.

16. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants admit that they reside in this district and that certain acts alleged occurred in this district but deny all other allegations and claims in this paragraph of the Complaint.

## PARTIES

17.   This paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

18.   Admitted in part, with clarification; denied in part. It is admitted Curaleaf is a provider of cannabis and operates cannabis facilities in New Jersey. It is admitted that Curaleaf's operations include facilities providing medicinal and adult-use cannabis. It is admitted that in New Jersey, Curaleaf operates three licensed adult use retail facilities. It is admitted that Curaleaf's facilities have been licensed by the Commission. The remainder of this paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore leave Curaleaf to its proofs.

19.   This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, N.J. Stat. Ann. § 24:6I-24 speaks for itself and Defendants deny

all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

20.    Admitted in part, with clarification; denied in part. It is admitted that Defendant Houenou previously served as the Commission's Chair and held that position at all relevant times in 2025. It is admitted that Defendants Nash and Mapp are commissioners for the Commission. The remainder of this paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims. By way of further answer, N.J. Stat. Ann. §§ 24:6I-24(b)(8) and 24:6I-34 speak for themselves.

21.    Admitted, with clarification. Admitted that Defendant Riggs is the Commission's Acting Executive Director.   Admitted, with clarification, that under the New Jersey Cannabis, Regulatory, Enforcement Assistance, and Marketplace Modernization Act ("CREAMMA"), the Executive Director of the New Jersey Cannabis Regulatory Commission serves as the chief administrative officer of the Commission. It is admitted, with clarification, that the Executive

Director is responsible for, *inter alia*, administering and overseeing the Commission's day-to-day operations.

## BACKGROUND

22. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants admit that an amendment to the New Jersey Constitution was approved in 2020 that makes the "growth, cultivation, processing, manufacturing, preparing, packaging, transferring, and retail purchasing and consumption of cannabis" in New Jersey "subject to regulation by the Cannabis Regulatory Commission … or any successor."

23. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants admit that the New Jersey Legislature enacted CREAMMA, which speaks for itself.

24. Admitted in part, denied in part. It is admitted, with clarification, that licenses come in several forms, with annual licenses being a type of license. It is admitted that annual licenses cover multiple types of cannabis businesses, including cultivation facilities and retail

facilities. The remainder of this paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, N.J. Stat. Ann. § 24:6I-36 speaks for itself and Defendants deny all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

25.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, CREAMMA speaks for itself and Defendants deny all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

26.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, N.J. Stat. Ann. § 24:6I-36 and CREAMMA speak for themselves and Defendants deny all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

27.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, N.J. Stat. Ann. § 24:6I-36 speaks for itself and Defendants deny

all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

28. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, N.J. Stat. Ann. § 24:6I-36 speaks for itself and Defendants deny all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

29. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, N.J. Stat. Ann. § 24:6I-36 speaks for itself and Defendants deny all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

30. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, N.J. Stat. Ann. § 24:6I-36 speaks for itself and Defendants deny all claims and allegations in this paragraph of the Complaint to the extent they are inconsistent.

## LPAS IN THE NEW JERSEY CANNABIS MARKET

31.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint. By way of further answer, N.J. Stat. Ann. § 24:6I-36 and CREAMMA speak for themselves.

32.    This paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

33. This paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

34.    This paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

35.    This paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements

and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

## CURALEAF'S LICENSES AND LPA

36. Admitted, with clarification; denied in part. It is admitted that Curaleaf holds several annual licenses in New Jersey. It is admitted that Curaleaf's Bellmawr location was issued the following licenses and permits: Medical Cultivator issued on June 29, 2015; Medical Retailer issued on September 21, 2015; Adult Use Cultivator issued on April 18, 2022; and Adult Use Retailer issued on April 19, 2022. It is admitted that Curaleaf's Winslow location was issued the following licenses and permits: Medical Cultivator issued on February 10, 2021; Medical Manufacturer issued on February 10, 2021; Adult Use Cultivator issued on April 18, 2022; and Adult Use Manufacturer issued on April 18, 2022. It is admitted that Curaleaf's Edgewater Park location was issued the following licenses and permits: Medical Retailer issued on June 21, 2021; and Adult Use Retailer issued on April 19, 2022. It is admitted that Curaleaf's Bordentown location was issued the following licenses and permits: Medical Retailer issued on August 24, 2021; and Adult Use Retailer issued on October 31, 2022. The remainder of this paragraph

contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

37.    Admitted.

38.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

39.    This paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

40.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

41.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph

of the Complaint. This paragraph is further denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

42.  Admitted in part, with clarification; denied in part. It is admitted, with clarification, that in October of 2022, the union began bargaining with Curaleaf for a collective bargaining agreement, and the bargaining continued until 2025. It is admitted, with clarification, that the parties reached an agreement in 2025, which was submitted to the employees for ratification. The remainder of this paragraph is denied.

43.  Admitted in part, denied in part. It is admitted that Curaleaf's LPA with Local 360 was set to expire in April 2025 and subsequently expired without being renewed. The remainder of this paragraph is denied as Defendants lack knowledge or information sufficient to form a belief about the truth of the statements and allegations in this paragraph and therefore deny the same leaving Curaleaf to its proofs.

44.  Admitted. By way of further response, the Exhibit speaks for itself.

45.    Admitted. By way of further response, the Exhibit speaks for itself.

46.    Admitted. By way of further response, the Exhibit speaks for itself.

47.    Admitted. By way of further response, the Exhibit speaks for itself.

48.    Admitted. By way of further response, the Exhibit speaks for itself.

49.    Denied. Curaleaf's refusal to comply with licensing requirements may result in adverse consequences but Defendants deny Curaleaf's allegations and claims that there is some generalized "plan," which is pled based on "information and belief," and leave Curaleaf to its proofs.

50.    Admitted, with clarification. It is admitted, with clarification, that on October 1, 2025, in response to Curaleaf's application to renew its annual license for its Bordentown facility, the Commission provisionally granted the license application, but it did so only upon confirmation that Curaleaf secure an LPA for the facility on or before October 30, 2025.

51.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants admit that Curaleaf has asked for declaratory and injunctive relief but Defendants deny that such relief would be proper, including because the unclean-hands doctrine bars the Court from granting relief that would facilitate violations of federal law and the LPA requirement is not preempted by the NLRA.

## CAUSES OF ACTION

## Preemption under the NLRA

52.    This paragraph contains a statement that requires no response. By way of further answer, Defendants incorporate their answers to the preceeding paragraphs.

53.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the cases cited speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

54.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed

required, the cases cited speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

55. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the cases cited speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

56. Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is required, Defendants deny the allegations and claims in this paragraph of the Complaint. By way of further answer, Defendants specifically deny that the LPA requirement is preempted by the NLRA.

57. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the NLRA speaks for itself and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

58. Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this

paragraph of the Complaint. By way of further answer, the Exhibit speaks for itself.

59.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint. By way of further answer, the Exhibit speaks for itself.

60.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

61.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

62.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

63. Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint. By way of further answer, Defendants specifically deny that the LPA requirement is preempted by the NLRA.

64. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the NLRA speaks for itself and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

65. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the cases cited and NLRA speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

66. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the cases cited and NLRA speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

67.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

68.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

69.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

70.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the NLRA and cases cited speak for themselves and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

71.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is

deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

72.    Admitted in part, denied in part. It is admitted that the Commission has required Curaleaf to maintain an LPA in accordance with CREAMMA. The remainder of the allegations and claims in this paragraph are denied. By way of further answer, the Exhibit speaks for itself.

73.    Denied. By way of further answer, this paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

74.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint. By way of further answer, Defendants specifically deny that the LPA requirement limits parties' resort to economic weapons and is preempted by the NLRA.

75.    Denied.

76.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, the NLRA speaks for itself and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

77.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

78.    This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, CREAMMA speaks for itself and Defendants deny any inconsistent allegations and claims in this paragraph of the Complaint.

79.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

80.    Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is

deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

81. Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

82. Denied. This paragraph contains a statement and/or legal conclusion that requires no response. To the extent that a response is deemed required, Defendants deny the allegations and claims in this paragraph of the Complaint.

**WHEREFORE,** Defendants hereby demand that judgment be entered in their favor and against Plaintiffs, dismissing with prejudice all claims for relief set forth in the Complaint and awarding Defendants their attorneys' fees, costs of suit, and such further relief as the Court deems just and proper.

## AFFIRMATIVE AND SEPARATE DEFENSES

Without assuming the burden of proof with respect to any matter for which Plaintiffs bear such burden, and without waiving their right to

put Plaintiffs to their proofs, Defendants assert the following affirmative defenses to the claims set forth in the Complaint.

## First Affirmative Defense

The Complaint fails to state a claim or set forth a cause of action upon which relief can be granted.

## Second Affirmative Defense

Defendants are public employees of the State of New Jersey and at all times were acting pursuant to the lawful authority invested in them by the State. All acts so performed were the result of the appropriate exercise of Defendants' discretion and were conducted in good faith.

## Third Affirmative Defense

Defendants are protected from suit by the doctrine of qualified immunity and doctrine of sovereign immunity.

## Fourth Affirmative Defense

Defendants are immune from suit.

## Fifth Affirmative Defense

Defendants are State employees acting in their official capacity and as such cannot be sued under 42 U.S.C. § 1983.

## Sixth Affirmative Defense

The Complaint is barred by the Eleventh Amendment of the United States Constitution.

## Seventh Affirmative Defense

The challenged conduct of Defendants is a reasonable exercise of State governmental power to achieve a legitimate public purpose.

## Eight Affirmative Defense

Defendants are entitled to all constitutional defenses and immunities as contained in both the United States and State of New Jersey Constitutions and cases decided thereunder.

## Ninth Affirmative Defense

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of unclean hands, doctrine of laches, and/or estoppel.

## Tenth Affirmative Defense

Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs are engaged in federally illegal conduct.

## Eleventh Affirmative Defense

Plaintiffs' Complaint is barred, in whole or in part, by abstention doctrines, including *Younger* and *Burford* abstention.

## Twelfth Affirmative Defense

The National Labor Relations Act does not apply to or preempt New Jersey's Labor Peace Requirement in the cannabis industry.

### Thirteenth Affirmative Defense

*Garmon* preemption under the National Labor Relations Act does not preempt New Jersey's Labor Peace Requirement because of the local-interest exception.

### Fourteenth Affirmative Defense

*Machinists* preemption under the National Labor Relations Act does not preempt New Jersey's Labor Peace Requirement because there is nothing "unregulated" about a market that federal law criminalizes outright.

### Fifteenth Affirmative Defense

Damages, if any, were the result of Plaintiffs' own actions/inactions.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred by the applicable Federal and State statute of limitations.

### Seventeenth Affirmative Defense

Plaintiffs lack standing to assert the claims in the Complaint.

### Eighteenth Affirmative Defense

At all time relevant, Defendants acted in good faith and complied with all applicable laws, regulations, and standards.

## Nineteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs failed to exhaust administrative remedies and appeals.

## Twentieth Affirmative Defense

Defendants reserve the right to add such additional defenses throughout continuing investigation and discovery.

## RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the complaint and/or to move for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or Defendants are entitled to judgment as a matter of law based on any or all of the above defenses.

## DESIGNATION OF TRIAL COUNSEL

Defendants hereby designate Deputy Solicitor General Stephen Ehrlich and Deputy Attorneys General Bassam F. Gergi and Rachel E. Kornberg as trial counsel in this matter.

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:    */s/ Rachel E. Kornberg*
        Rachel E. Kornberg
        Deputy Attorney General

Dated: June 24, 2026