## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **CURALEAF HOLDINGS, INC., et al.,** | Civil Action No. 25-16397 (MAS) (RLS) <br> ARB: Yes      No   **X** |
| Plaintiff(s), | |
| -vs- | |
| **NEW JERSEY CANNABIS REGULATORY COMMISSION, et al.,** | **ORDER SCHEDULING CONFERENCE** |
| Defendant(s). | |

**IT IS** on this **24th day** of **June 2026** hereby

**ORDERED** that an Initial Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure will be held before the Honorable Rukhsanah L. Singh, on **July 28, 2026 at 3:00 p.m.** at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey, Courtroom 7W.   Upon request and consent of all parties, the Court may convert the scheduling conference to take place virtually over Microsoft Teams.   All parties not appearing *pro se* shall be represented by counsel with full authority to speak on behalf of their clients in all pretrial matters (*see* L. Civ. R. 16.1(a)); and it is further

**ORDERED** that the parties shall confer pursuant to Rule 26(f) of the Federal

1

Rules of Civil Procedure and Local Civil Rule 26.1 on a proposed Joint Discovery Plan by no later than **three (3) weeks prior** to the conference and shall electronically file a proposed Joint Discovery Plan, including any disputes regarding such, by no later than **one (1) week prior** to the above scheduled conference; and it is further

**ORDERED** that the Joint Discovery Plan shall include, at a minimum, the following items in addition to those set forth in Local Civil Rule 26.1(b)(2):

1.    A brief statement of the facts underpinning the claims or defenses in the action, as well as a brief statement of the legal issues in the case;

2.    A description of all discovery conducted by the parties to date;

3.    A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of the problems;

4.    A description of the parties' further discovery needs;

5.    The parties' estimate of the time needed to complete fact discovery;

6.    A statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports;

7.    A statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought;

8.    A description of any special discovery needs of the parties (e.g., videotape depositions, out-of-state witnesses or documents, and/or discovery of digital

2

information), *see* L. Civ. R. 26(d); and

9.    A statement regarding whether the entry of a Confidentiality Order will be requested; and

10.    Any other topics helpful to discuss or address for purposes of case management of the matter; and it is further

**ORDERED** that in all patent cases, the Joint Discovery Plan shall also include the topics set forth in Local Patent Rule 2.1.   In the event the parties cannot agree on a proposed schedule, the Court may apply the scheduling provisions set forth in the Local Patent Rules, *see generally* L. Civ. R. 9.3; and it is further

**ORDERED** that upon the entry of appearance of any new and/or additional counsel and/or party subsequent to the date of this Order, Plaintiff's counsel shall send a copy of this Scheduling Order to the newly appearing attorney(s) and/or party; and it is further

**ORDERED** that the parties shall be aware that failure to comply with the provisions of this Order or Scheduling Orders entered by the Court may result in sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure and/or other authority of the Court.

**SO ORDERED.**

_s/ Rukhsanah L. Singh_
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE

3

ALTERNATIVE DISPUTE RESOLUTION
IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY

**Mediation** is the Alternative Dispute Resolution (ADR) program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (currently United States Magistrate Judge Leda Dunn Wettre) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that **must** be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to **Rule 26(a)(1) of the Federal Rules of Civil Procedure**.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. **The mediator's hourly rate is $400.00**, which is borne equally by the parties absent order otherwise.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for Court-ordered mediation.

4