**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CURALEAF HOLDINGS, INC., *et al.*,

Plaintiffs,

v.

NEW JERSEY CANNABIS REGULATORY COMMISSION, *et al.*,

Defendants.

No. 25-cv-16397 (MAS) (RLS)

**FINAL JUDGMENT**

**THIS MATTER** comes before the Court in light of the prior proceedings and rulings in this case and following correspondence from the parties; and

**WHEREAS**, Plaintiffs having filed a Complaint for Injunctive and Declaratory Relief on October 9, 2025, asserting a single count that the National Labor Relations Act (NLRA) preempts the labor-peace agreement (LPA) requirement in the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA) and its implementing regulations as applied against Plaintiffs. *See* ECF No. 1 at ¶¶ 52-82; N.J. Stat. Ann. § 24:6I-36(c);

**WHEREAS**, the Court having denied Plaintiffs' Motion for a Preliminary Injunction and Defendants' Motion to Dismiss by Memorandum Opinion dated May 27, 2026, *see* ECF No. 55 (the "Opinion");

**WHEREAS**, the Court having found in the Opinion, following briefing and argument by the parties, that the LPA requirement as applied against Plaintiffs "is preempted [by the NLRA] under *Machinists*, as well as *Garmon*." (ECF No. 55 at 28);

**WHEREAS**, the Court having rejected Defendants' arguments and affirmative defenses for the reasons given in the Opinion;

**WHEREAS**, Defendants expressly reserve their right to appeal and continue to maintain that Plaintiffs' Complaint should have been dismissed and that the LPA requirement is not preempted by the NLRA;

**WHEREAS**, the Court finding that whether the NLRA preempts the LPA requirement as applied against Plaintiffs is a legal question as to which there is no genuine dispute of material fact;

**WHEREAS**, the Court finding that the analysis set forth in the Opinion establishes, as a matter of law, that Plaintiffs are entitled to judgment on the merits of their claim;

**WHEREAS**, the parties have represented, and the Court agrees, that no further factual development is necessary to rule on the legal question in this case;

**WHEREAS**, the parties have had a full and fair opportunity to argue the relevant issues in their briefing and at oral argument;

**WHEREAS**, the Court finds that it can and should enter final judgment based on the Opinion, with Defendants having a right to appeal to the Third Circuit;

**WHEREAS**, Plaintiffs have represented, and the Court agrees, that solely declaratory relief can resolve their sole claim, with Plaintiffs reserving the ability, pursuant to 28 U.S.C. § 2202, to seek "[f]urther necessary or proper relief based on a declaratory judgment," should it be necessary;

**WHEREAS,** the Court being authorized under Federal Rules of Civil Procedure 56 and 57 to grant final judgment after it has made a legal conclusion that resolves the only claim in the case and grants the only relief requested;

**IT IS** on this 10th day of August 2026, **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Plaintiffs' request for declaratory judgment on Count One is **GRANTED**, and the Court declares that the LPA requirement in CREAMMA and its implementing regulations as applied against Plaintiffs is preempted by the NLRA for the reasons stated in the Opinion.
2. Final judgment is hereby **GRANTED** to Plaintiffs, and this Judgment hereby constitutes a final, appealable judgment under 28 U.S.C. § 1291.
3. The parties are to bear their own costs and expenses.
4. The Clerk of Court is directed to enter Final Judgment and to administratively close this case.

MAShipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE